# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**STEVEN LEE MENGEL,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-415**    (Fam. Ct. Greenbrier Cnty. No. FC-13-2019-D-192)

**SHELBY BANTON MENGEL,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steven Lee Mengel ("Husband") appeals the Family Court of Greenbrier County's final order entered on August 24, 2023, that denied his motion for reconsideration of the final divorce order. Respondent Shelby Banton Mengel ("Wife") filed a response in support of the family court's order.[1] Husband filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in May of 2010, and separated in September of 2019. Husband filed a petition for divorce on October 1, 2019, citing irreconcilable differences between the parties. On December 5, 2019, Wife filed an answer and counterpetition to the divorce, admitting to irreconcilable differences, but also sought to prove that Husband's fault caused the dissolution of the marriage.

On September 10, 2020, November 4, 2021, and November 29, 2022, the family court held final hearings on the divorce petition. In its final order entered on December 16, 2022, the court awarded spousal support to Wife in the amount of $1,000.00 per month for five years, and half of the appreciated value of Husband's 401(k) that was accumulated during the marriage, based on the court's findings regarding the parties' respective incomes and expenses. The court also granted Wife's request for attorney fees in the amount of $8,000.00, finding that "[Husband] is 100% at fault in causing the divorce to be filed" and Wife "did not want a divorce." Husband did not appeal the final order.

---

[1] Steven Lee Mengel is represented by Paul S. Detch, Esq. Shelby Banton Mengel is represented by R. Brandon Johnson, Esq.

1

Instead, on June 30, 2023, Husband filed two motions: a motion to require Wife's attorney to provide an invoice to ensure that the $8,000.00 attorney fee was substantiated and a motion for reconsideration of the family court's December 16, 2022, final divorce order, styled as "Motion to Dismiss Order Entered in a Divorce Proceeding on the Basis it Was Obtained by Fraudulent Representations." Husband asked the family court to modify the award of attorney fees, spousal support, and equitable distribution of retirement funds in its final divorce order. Husband asserted that Wife fraudulently and falsely represented that she was not at fault in causing the divorce and fraudulently and falsely represented that she needed spousal support. He also stated that he mistakenly believed Wife's attorney would produce the invoice for the attorney fees, but nothing had ever been presented to Husband or the family court. He further asserted that Wife's attorney either fraudulently or mistakenly misrepresented Husband's retirement funds to the family court, which caused a miscalculation regarding equitable distribution. In response to Husband's motion, Wife argued that because Husband failed to appeal the family court's final divorce order, he was seeking another avenue for appeal and his motion was meritless.

Since neither Wife nor her attorney had produced any documentation regarding the attorney fees to the family court or otherwise, on August 11, 2023, Husband filed a motion to compel discovery of Wife's attorney fees, which asked the family court to order Wife to produce documentation substantiating the $8,000.00 in attorney fees that she incurred during the divorce proceeding.[2]

On August 24, 2023, the family court held a final hearing on Husband's motion for reconsideration. By final order, the family court found that Husband's motion raised issues that were litigated during the final divorce hearing and should have been addressed on appeal to this Court. The court stated that since he did not file a timely appeal to this Court, his motion was denied. It is from this order that Husband now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

---

[2] Although the details are unclear from the record, at some point between the entry of the final divorce order and this appeal, Husband's attorney allegedly learned that Wife's attorney had his fees reduced in another case for excessive billing.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, No. 22-918, 2024 WL 2966177, __ W. Va. __, __S.E.2d __ (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband first argues that the family court erred by determining that his motion for reconsideration was not timely filed. He contends that since West Virginia Code § 51-2A-10 (2001)[3] allows a family court to reconsider its final ruling for up to one year if the grounds specified in the motion are fraud or mistake, the court should have reconsidered its final divorce order, required Wife to produce an affidavit to show proof of the attorney fees, corrected the computation of the QDRO, and clarified the spousal support award. We agree that, generally, a motion for reconsideration based upon fraud or mistake can be filed up to one year after a final order is entered. However, we have previously stated:

> A motion for reconsideration is simply not an opportunity to relitigate facts upon which a court has already ruled. In *Ray v. Ray*, 216 W. Va. 11, 14 n.13, 602 S.E.2d 454, 457 n.13 (2004), (*overruled on other grounds*), the Supreme Court of Appeals of West Virginia found that motions pursuant to West Virginia Code § 51-2A-10 have replaced motions for relief from judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure in the family court. Where the motion is nothing more than a request that the court change its mind, it is not authorized by Rule 60(b). *See Kerner v. Affordable Living, Inc.*, 212 W. Va. 312, 314-15, 570 S.E.2d 571, 573-74 (2002).

---

[3] West Virginia Code § 51-2A-10 states:

(a) Any party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.

(b) A motion for reconsideration must be filed with the clerk of the circuit court within a reasonable time and *for reasons set forth in subdivision (1), (2) or (3), subsection (a) of this section, not more than one year after the order was entered* and served on the other party in accordance with rule 5 of the rules of civil procedure. The family court must enter an order ruling on the motion within thirty days of the date of the filing of the motion.

(emphasis added).

*Kierstyn C. v. Justin B.*, No. 23-ICA-200, 2024 WL 1256070, at \*4 (W. Va. Ct. App. Mar. 25, 2024) (memorandum decision).

Moreover, it is well-settled law that a family court's factual findings cannot be disturbed unless there is clear error. *See Mulugeta v. Misailidis*, 239 W. Va. 404, 408, 801 S.E.2d 282, 286 (2017). "A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Syl. Pt. 1, in part, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). This Court "may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." *Id.*, in part. Further, a family court is entitled to deference to the extent it relies on determinations it made of the parties' credibility. *See Thomas E. v. Amy F.*, No. 13-0176, 2013 WL 5708438, at \*2 (W. Va. Oct. 21, 2013) (memorandum decision). Also, Rule 9(b) of the West Virginia Rules of Civil Procedure requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Husband's motion for reconsideration of Wife's alleged fraudulent representations pertaining to fault, spousal support, equitable distribution of the retirement fund, and attorney fees was simply asking the family court to reweigh evidence it had already heard and reach a different conclusion. Regarding Wife's attorney's alleged fraudulent misrepresentation of attorney fees, Husband acknowledges that he cannot state his fraud allegations "with particularity" because he is unsure whether such fraud even occurred; he never received documentation from Wife's attorney proving the same. Nonetheless, the family court, in denying Husband's motion for reconsideration, stated that it "reviewed the affidavit of attorney fees provided by counsel for [Wife] and finds them to be reasonable." Husband's assertion that Wife's attorney fraudulently or mistakenly misrepresented the marital portion of his retirement fund was litigated during the divorce proceeding and the computed amount of the marital portion of the retirement account was incorporated into the final divorce order.

While Husband argues to assert mistake on his own attorney's behalf and fraud involving Wife and Wife's attorney, his allegations to support those claims involved issues litigated during the parties' final divorce hearing. It is apparent from the motion for reconsideration and the record on appeal that Husband seeks to relitigate the equitable distribution of the retirement fund, the spousal support, and the fault of the parties for the demise of the marriage which resulted in an award of attorney fees.[4] There is no reason, in

---

[4] Husband's assertion that the family court erroneously denied his motion for reconsideration for being untimely is without merit. The court denied Husband's motion

equity or good conscience, for the family court to reconsider its final divorce order merely because Husband was dissatisfied with the outcome and did not timely appeal the order. Thus, we conclude that the family court neither clearly erred nor abused its discretion by denying Husband's motion for reconsideration.

Accordingly, we affirm the family court's August 24, 2023, order.

Affirmed.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

because he was seeking to relitigate issues that were already ruled upon and stated that he failed to timely appeal to this Court.